low, by regular consequence, that any state law or regulation, the effect of which will be to impair the rights thus secured, or to divest the federal courts of cognizance thereof in their fullest acceptation under the commercial law, must be nugatory and unavailing." This decision cites and approves Swift v. Tyson, which case gave an interpretation of the thirty-fourth section of the judiciary act [1 Stat. 92], providing that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trusts at common law in the courts of the United States in cases where they apply, "limiting that provision to the local statutes or local usages of a fixed and permanent operation," and holding that on questions of commercial or common law the courts of the United States were not bound to follow the decisions of the local tribunals; and the case of Watson v. Tarpley, cited above, properly limits this principle to cases of those persons who, under the constitution of the United States, are secured in the right or privilege of litigating their controversies in the courts of the United States; that is to say, aliens and citizens of different states.

I think, therefore, both upon reason and authority, that the rights of this creditor are to be determined by the local law, unless the fact that the question arises upon the proof of debt in bankruptcy brings the case within the principle of the decisions above referred to. I think not. It was the purpose of the bankrupt law [of 1867 (14 Stat. 517)] to secure the ratable distribution of the bankrupt's property among his creditors,—not to enlarge or alter the rights of the creditors, but simply to ascertain them, for the purpose of this distribution, as they were at the time of the bankruptcy. This creditor's rights were then fixed and certain. There was no court to which he could resort which would give him more than the amount he paid for the note and interest. This view, drawn from the general purpose of the bankrupt law, is confirmed by some of its special provisions. In case of a dispute as to the amount due a creditor, this court may permit a pending suit to go on to judgment for the purpose of determining the amount due. As between citizens of the same state such suit must go on in the state court. This court could not authorize a suit in such a case in a federal court. Undoubtedly the bankrupt court may assume the determination of the question itself, but it would be a very singular result if, in determining the amount due to the creditor, it should be found to fix a larger sum than the creditor could recover in the court to which this court is authorized to send him for the same purpose.

The decision of the register, reducing the claim to one thousand five hundred dollars and interest, is affirmed.

SHELBOURNE (MORRIS v.). See Case No. 9,836.

SHELBY (NORTON v.). See Case No. 10,353

---

## Case No. 12,746.

### SHELBY v. YANCY.

[See 1 Overt. 236.]

---

SHELBY COUNTY (AMY v.). See Case No. 345.

SHELDEN (NESSMITH v.). See Case No. 10,125.

SHELDEN (PENNOYER v.). See Case No. 10,943.

---

## Case No. 12,747.

### In re SHELDON.

[8 Ben. 67; [1] 12 N. B. R. 63.]

District Court, S. D. New York. April, 1875.

BANKRUPTCY — DISCHARGE — FIFTY PER CENT CLAUSE—CONSENT OF CREDITORS—DEBTS CONTRACTED BEFORE JAN. 1, 1869—JUDGMENT—ACT JUNE 22, 1874, SEC. 9.

1. A voluntary petition in bankruptcy was filed on November 10, 1873. The only debt proved was a judgment against the bankrupt in favor of S., recovered March 1, 1873, which judgment was recovered on a former judgment entered on July 26, 1862, which was recovered on a promissory note endorsed by the bankrupt. The bankrupt applied for his discharge and S. objected that he could not be discharged, because the assets of his estate were not shown to be equal to 30 per cent of the debt proved and no consent of S. to his discharge had been given. *Held*, that the debt of S., under the ninth section of the act of June 22, 1874 (18 Stat. 180), was not the judgment but the endorsement, and was contracted prior to January 1, 1869.

[Cited in Re Derby, Case No. 3,816; Re Townsend, 2 Fed. 563.]

2. The bankrupt was entitled to be discharged without showing any percentage in assets, or any assent of S..

[Cited in Re Gifford, Case No. 5,408.]

3. The act of June 22, 1874, did not repeal any part of section 5112 of the United States Revised Statutes, or of any prior enactment embodied therein; except the provision requiring "fifty percentum of such assets."

4. The decision in Francke's Case [Case No. 5,046], is reaffirmed.

[In the matter of George H. Sheldon, a bankrupt.]

H. E. Tremain, for creditor.
J. A. Welch, for bankrupt.

BLATCHFORD, District Judge. George H. Sheldon filed a voluntary petition in bankruptcy in this court on the 10th of November, 1873, and was adjudicated a bankrupt. Subsequently, Walter W. Seymour proved, as a debt against the estate of the bankrupt, a judgment recovered in the supreme court of

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]